Dear Mr. Allen:
You have asked this office to reconsider its opinion that municipalities do not acquire parish owned minerals underlying a parish road when that road becomes part of the municipality through statutory annexation.
Although your reasoning is well taken and we will be the first to state that the issue is far from settled, we must advise that after careful consideration, our opinion remains as originally stated.
As City Attorney, your position is that, since parish owned roads are held in trust, subsequent annexation by the City incorporates the public road within the jurisdiction, control and authority of the City as if that road had originally been dedicated to the municipality. Your reasoning presupposes that issues of ownership between two governmental subdivisions acting in their capacities as representatives of the public are controlled by considerations of jurisdiction and authority rather than rules of property pertaining to transactions between private persons. Thus, where the administration of a road or thoroughfare is transferred from one public entity to another by annexation, so is the ownership thereof.
Although we agree that the administration of the road is transferred when it is located within newly annexed territory, we cannot agree that the ownership transfers by the mere annexation thereof — even between public entities.
In our opinion, annexation is not a device by which a municipality attempts to acquire ownership of property. Instead, annexation is created by the need for additional land area to accommodate present or reasonably anticipated future growth of the municipality and the need to extend police, fire, sanitary protection or other municipal services to a substantial number of residents of adjacent areas. Kansas City Southern Railroad v. City of Shreveport, 354 So.2d 1362 (1978).
In extending such services, the municipality is required to also annex and maintain any parish road which is within the territory proposed to be annexed. La. R.S. 33:224.
However, jurisdiction, control and authority do not equate to ownership. The cases cited by you do not address the issue of ownership but only jurisdiction which rulings are correct in stating that once a road is placed within a municipality by virtue of annexation, the municipality is responsible for the road and it becomes a city road for administration purposes. Municipalities may own public roads in fee title but such ownership must be clearly established as in statutory dedication as contained in La. R.S. 33:5051.
As you may be aware, full ownership of a public road is not necessary for the control and maintenance thereof and indeed there are many public roads in this State in which the public authority has only a servitude. Accordingly, since it is not necessary that ownership follow jurisdiction and control for there to be adequate administration of a public road and since La. R.S. 33:224 does not address ownership but only annexation and maintenance, we are of the opinion that ownership cannot be transferred from one political subdivision to another by the mere annexation of the property.
Moreover, although not strictly analogous, it has been previously held that a municipality cannot acquire valuable property rights through the mere annexation of territory. Town of Coushatta v. Valley Electric Membership Corporation,139 So.2d 822 (La.App. 1962). We are aware that this case addresses private property rights but we believe the ration decidendi is equally appropriate in the present situation.
If we may be of further service in this matter, please advise.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: DAVID C. KIMMEL Assistant Attorney General
RPI/DCK/jb